IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-453-BO

| | |
|---|---|
| DERRICK GLENN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      O R D E R |
| | ) |
| NANCY A. BERRYHILL, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 18, 20]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Elizabeth City, North Carolina on January 23, 2019. For the reasons discussed below, plaintiff's motion [DE 18] is GRANTED and defendant's motion [DE 20] is DENIED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act. Plaintiff filed his application on January 23, 2014, alleging disability dating back to April 20, 2013. Plaintiff's application was denied both initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ) on June 30, 2016, at which plaintiff and his attorney appeared. The ALJ issued a decision in August 2016, finding that plaintiff was not disabled. In July 2017, the Appeals Council denied review and made the ALJ's decision the final administrative decision of the Commissioner.

In October 2017, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision that he was not entitled to disability benefits. [DE 7]. In February

2018, plaintiff moved for judgment on the pleadings. [DE 18]. Defendant moved for judgment on the pleadings in April 2018. [DE 20].

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted). Courts should not make their own credibility determinations or substitute their own judgments for the judgments of the ALJs. *Radford v. Colvin,* 734 F.3d 288, 296 (4th Cir. 2013).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson,* 434 F.3d at 653. At step one, if the claimant is currently engaged in

substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Here, the analysis ended at step five when the ALJ considered plaintiff's residual functional capacity (RFC), determined that he could perform light work with some limitations, and concluded that plaintiff was capable of performing jobs that existed in significant numbers in the national economy. In other words, the ALJ found that plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff alleges that the ALJ erred by failing to (1) properly perform a function-by-function analysis of the claimant's standing and walking ability, (2) adequately analyze whether claimant met Listing 1.04A, and (3) properly weigh the opinions of a treating source, Dr. Powell. Plaintiff

3

asks the Court to reverse and remand to the Commissioner with instructions to award benefits, or, alternatively, to remand for further proceedings.

The Court agrees that the ALJ committed reversible error in failing to conduct a function-by-function analysis of plaintiff's standing and walking ability when assessing his residual functional capacity and, therefore, in crafting an RFC that was not supported by substantial evidence. In determining a claimant's residual functional capacity, an ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a). The assessment is based on all relevant evidence and may include a claimant's own description of limitations, such as pain. *Id.* Social Security Ruling 96-8p directs ALJs to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis" before determining the level of work the claimant can perform. *See Monroe v. Colvin*, 826 F.3d 176, 179 (4th Cir. 2016). While the Fourth Circuit has rejected "a per se rule requiring remand when the ALJ does not perform an explicit function-by function analysis," remand "may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (citation omitted).

Here, the ALJ did not adequately justify the determination that plaintiff was capable of performing light work, given the difficult that plaintiff has with prolonged standing and walking. At the hearing, plaintiff testified that he can sit for thirty minutes at a time, walk for six to seven minutes, and walk short distances. There is extensive evidence in the record to support plaintiff's testimony, including objective medical evidence of lumbar radiculopathy in plaintiff's legs, weakness, numbness, and tingling, and radicular pain that prevents plaintiff from standing or walking for prolonged periods. While the ALJ briefly mentions some of this evidence, the ALJ

4

never explains why, despite the evidence, plaintiff's ability to stand and walk is not limited. In *Monroe*, the Fourth Circuit was concerned with an ALJ's failure to draw a logical connection between the medical evidence and the RFC. Here, as in *Monroe*, the ALJ failed to justify the RFC determination given the evidence in the record, depriving this Court of the opportunity for meaningful review.

The ALJ did not perform a function-by-function analysis and did not provide sufficient justification for the finding that plaintiff could stand and walk without limitations. This was reversible error and, as such, there is no need to consider plaintiff's remaining arguments. Plaintiff's motion for judgment on the pleadings must be granted, and the case must be remanded to the Commissioner for further proceedings as to whether plaintiff is disabled, particularly with regard to his difficulties standing and walking.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 18] is GRANTED and defendant's motion [DE 20] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Commissioner for further administrative proceedings.

SO ORDERED, this __1__ day of February, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE